IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 04-CV-20314-ALTONAGA/BANDSTRA



| | |
|---|---|
| EDWARD LIPUMA, on Behalf of Himself and All Others Similarly Situated and on Behalf of the General Public,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN EXPRESS COMPANY, a New York Corporation, et al.<br><br>Defendants. | CLASS ACTION |

### JOINT STATUS REPORT
### AND REQUEST FOR ENTRY OF PRELIMINARY APPROVAL ORDER

Class Plaintiffs Edward LiPuma and William S. Barrett and Defendants American Express Company, et al. hereby submit this Joint Status Report And Request for Entry of Preliminary of Preliminary Approval Order. After three hearings on this issue, the Parties respectfully request that it is now time for the Court to enter the Order preliminarily approving this class settlement in the form that is attached as Exhibit "A". If the Court agrees to enter the Order, the only date that needs to be filled in is for the Final Fairness Hearing at paragraph 6.

Two months ago, the Parties re-filed their Joint Motion for Preliminary Approval of this Settlement with this Court respectfully submitting that the proposed settlement certainly falls within the "range of reasonableness" and reiterating that any objector may certainly voice their concern at the final hearing. The Parties believe that this settlement is fair, reasonable and will benefit over 10 million class members, especially in light of the obstacles, complexities, and risk presented by this litigation (i.e. arbitration clauses, trial issues, etc.).

50258239v1

LAW OFFICES KOZYAK TROPIN & THROCKMORTON, P.A.
2800 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TEL. (305) 372-1800

On July 23, 2004 the Court held a hearing on the Paul Intervenor's request to intervene. The Paul's Intervenors are **two individuals out of the ten million class members;** they claim that they incurred additional damages as a result of Amex's foreign currency conversion practices in Turkey. Amex vigorously disputes that they have any claims at all. Furthermore, even if the 2 class members can even prove liability, the total damages from these two claims are extremely small (less than .000001 percent of this proposed settlement) and even if these two (2) individuals were able to get their individual case certified in California, it would most likely be limited to a state class action and would still have damages less than .01 % of this proposed settlement. Simply put, it is a very small aspect of Amex' foreign currency conversion practices and is no reason to further delay this proposed settled that will benefit millions of class members.

Accordingly, during the July 23rd hearing, Paul's counsel made it perfectly clear that they had no intention of holding up preliminary approval of this settlement and would not object to entry of this Order if they were given an opportunity to conduct some expedited discovery regarding their specific Turkish claims. With such representations, Class Plaintiffs stated at the hearing that they had no objection to this brief delay.

During the past two weeks, Amex has provided Paul's counsel with extensive discovery regarding their specific claims in Turkey in an expedited manner and thus it is now time to advance this settlement for the benefit of the entire class.

A. **Documents and Deposition Transcripts**.

Amex provided the Paul Intervenors with much of the discovery materials previously produced in this action and a related California action entitled <u>Environmental Law Foundation v. American Express</u> (the "ELF Action"), as well as additional information. Specifically, Amex provided them with documents setting forth the aggregate amount of revenue it received from what Plaintiffs refer to as the "2% fee"; the transcripts of three depositions taken in the ELF Action; the base and adjusted exchange rates used by Amex to convert Turkish Lira into U.S. dollars for all Turkish Lira transactions made by the Paul Intervenors using their American Express cards; the base and adjusted exchange rates used by American Express to convert

- 2 -

50258239v1

LAW OFFICES KOZYAK TROPIN & THROCKMORTON, P.A.
2800 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TEL. (305) 372-1800

Turkish Lira into U.S. dollars for all Turkish Lira transactions during the months of April 2001, April 2002, April 2003 and April 2004; and the aggregate amount in U.S. dollars of American Express transactions in Turkish Lira for the years 2000, 2001, 2002 and 2003.

### B. Interviews with Amex top officials.

On August 3, 2004, Paul's counsel interviewed Gillen Clements, a senior American Express officer familiar with the data maintained by American Express regarding foreign currency transactions in Turkey, regarding the issue of whether it is feasible to identify cardholders who traveled to Turkey during the class period and the amounts of their individual damages claims.

On August 5, 2004, the Paul Intervenors interviewed Craig Morlen, a senior American Express officer in England knowledgeable regarding American Express's methodology for converting foreign currency in Turkey and other countries. In order to facilitate resolution, Amex set up these interviews on an expedited basis and counsel flew to New York for Clement's interview and Mr. Morton flew from London to Los Angeles. Class counsel has spent considerable effort to facilitate Paul's requests for discovery. American Express has agreed to confirm the material factual representations made by Mr. Clements and Mr. Morlen during their interviews in declarations or, if necessary, to produce them for deposition at a mutually convenient time.

### C. Extensive Telephone discussions.

After these interviews were complete, Class counsel and Amex counsel had extensive telephone discussions with Paul's counsel including lengthy conference calls on August 6. Amex reiterated that it was willing to continue providing additional materials and information regarding these specific Turkish claims but that it simply wanted all of the parties to agree that the Court could enter the preliminary order and discovery would continue on a parallel track regarding the specific Turkish claims. Moreover, Paul's counsel would certainly reserve their rights to opt out of the class settlement and/or object at any time to the proposed settlement if they decided such action was best for their clients. Amex requires at least 90 days to prepare the

- 3 -

Notice so under this scenario, the settlement process could at least proceed and the Paul plaintiffs could still conduct additional work and try to resolve their narrow claim which, if valid, is less than 1% of Amex cardholders who used their card in foreign currencies. At the end of the conference call on August 6, 2004, Paul's counsel indicated they were amenable to this proposal and stated that they would draft language for an agreed order. Unfortunately, Pauls' counsel changed their minds, and advised class and Amex counsel last night that they would not agree to have the Court enter the "preliminary order". Good cause however does not exist to further delay this case for the remaining ten million class members in a settlement that clearly falls within the "range of reasonableness". In view of the fact that the Paul claim is at best a fractional one percent of the class claims, it no longer makes sense to delay entry of the Preliminary Order. Moreover, these specific class members are being compensated under the proposed settlement and the Parties believe the Settlement is fair, adequate and reasonable to all class members including those who traveled to Turkey. The Paul Intervenor's argument that the settlement may not be fair to them can certainly be addressed at the Final Hearing. In any event, Class counsel will certainly continue to try to resolve matters with Paul's counsel well in advance of the final hearing.

The Court has now provided all parties with two separate opportunities of notice and an opportunity to be heard even prior to entry of the preliminary order approving this settlement. It is simply no longer justified to delay a settlement that will benefit 10 million class members because 2 individuals that visited Turkey want to further litigate their individual claims. Amex has provided these individuals with substantial discovery regarding their claims and they can make an informed and educated decision after reviewing this information to support the settlement, opt out of the settlement and/or object and express all of their concerns at the final hearing.

**WHEREFORE**, the Class Plaintiffs and Amex respectfully request that the Court enter the Order preliminarily approving this settlement in the form attached hereto as Exhibit A.

- 4 -

50258239v1

LAW OFFICES KOZYAK TROPIN & THROCKMORTON, P.A.
2800 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TEL (305) 372-1800

DATED: August 9, 2004

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
Attorneys for American Express
2029 Century Park East, 18th Floor
Los Angeles, California 90067-3086
Phone: 310-556-5800
Facsimile: 310-556-5959

By: _____
Scott M. Pearson Admitted *PRO HAC VICE*

KOZYAK TROPIN &
Co-Lead Counsel for Plaintiffs
200 South Biscayne Boulevard, Suite 2800
Miami, Florida 33131-2335
Phone: 305-372-1800
Facsimile: 305-372-3508

By: _____
Adam Moskowitz, Esq. FBN: 984280

GARWIN, BRONZAFT, GERSTEIN &
Co-Lead Counsel for Plaintiffs
501 Broadway – Room 1416
New York, New York 10036
Phone: 212-398-0055
Facsimile: 212-764-6620

STEYER LOWENTHAL BOODROOKAS
Co-Lead Counsel for Plaintiffs
One California Street, 3rd Floor
San Francisco, CA 94111
Phone: 415-421-3400
Facsimile: 415-421-2234

LERACH COUGHLIN STOIA &
Co-Lead Counsel for Plaintiffs
401 B Street, Suite 1700
San Diego, CA 92101
Phone: 619-231-1058
Facsimile: 619-231-7423

- 5 -

- 5 -

DATED: August 9, 2004

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
Attorneys for American Express
2029 Century Park East, 18th Floor
Los Angeles, California 90067-3086
Phone: 310-556-5800
Facsimile: 310-556-5959


By: _____
Scott M. Pearson Admitted *PRO HAC VICE*

KOZYAK TROPIN &
Co-Lead Counsel for Plaintiffs
200 South Biscayne Boulevard, Suite 2800
Miami, Florida 33131-2335
Phone: 305-372-1800
Facsimile: 305-372-3508


By: _____
Adam Moskowitz, Esq. FBN: 984280

GARWIN, BRONZAFT, GERSTEIN &
Co-Lead Counsel for Plaintiffs
501 Broadway – Room 1416
New York, New York 10036
Phone: 212-398-0055
Facsimile: 212-764-6620



STEYER LOWENTHAL BOODROOKAS
Co-Lead Counsel for Plaintiffs
One California Street, 3rd Floor
San Francisco, CA 94111
Phone: 415-421-3400
Facsimile: 415-421-2234



LERACH COUGHLIN STOIA &
Co-Lead Counsel for Plaintiffs
401 B Street, Suite 1700
San Diego, CA 92101
Phone: 619-231-1058
Facsimile: 619-231-7423

50258239v1

LAW OFFICES KOZYAK TROPIN & THROCKMORTON, P.A.
2800 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 · TEL. (305) 372-1800

- 6 -

HULETT HARPER STEWART, LLP
Co-Lead Counsel for Plaintiffs
550 West C Street, Suite 1600
San Diego, CA 92101
Phone: 619-338-1133
Facsimile: 619-338-1139


SCHRAG & BAUM, P.C.
Co-Counsel for Plaintiffs
280 Panoramic Way
Berkeley, CA 94704
Phone: 510-849-1618
Facsimile: 510-841-6050


FREED & WEISS, L.L.C.
Counsel for Fuentes
111 West Washington St., Suite 1331
Chicago, IL 60602
Phone: 312-220-0000
Facsimile: 312-220-7777

50258239v1

LAW OFFICES KOZYAK TROPIN & THROCKMORTON, P.A.
2800 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 · TEL. (305) 372-1800

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the above and foregoing was mailed by U.S. Mail and facsimile transmission on this 9th day of August, 2004 to:

Scott R. Shepherd
Shepherd Finkelman, Miller, et al.
1600 Southeast 17th Street Causeway
Ft. Lauderdale, FL 33316-1717

Spencer Aronfeld
Aronfeld & Associates, P.A.
3132 Ponce de Leon Blvd.
Coral Gables, FL 33134

Roberto Salazar
Law Office Roberto Salazar
4601 North McColl Road
McAllen, TX 78504

Austin Tighe
Feazell, Rosenthal 7 Watson, PA
6601 Vaught Ranch Road, Suite 200
Austin, TX 78730

Paul M. Weiss
Freed & Weiss, LLC
111 West Washington Street
Suite 1331
Chicago, Illinois 60602

L. Thomas Lakin
The Lakin Law Firm, P.C.
301 Evans Avenue, P.O. Box 27
Wood River, IL 62095-1127 Paul M. Weiss
Freed & Weiss LLC
111 West Washington Street, Suite 1331
Chicago, IL 60602

Cynthia Chapman
Caddell & Chapman
1331 Lamar, Suite 1070
Houston, TX 71370

- 7 -

50258239v1

LAW OFFICES KOZYAK TROPIN & THROCKMORTON, P.A.

- 8 -

Daniel C. Girard,
Girard Gibbs & De Bartolomeo
601 California Street, Suite 1400
San Francisco, CA  94108

By: _____

242606

50258239v1

LAW OFFICES KOZYAK TROPIN & THROCKMORTON, P.A.
2800 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TEL. (305) 372-1800

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20314-CIV-ALTONAGA-BANDSTRA

| | |
|---|---|
| EDWARD LIPUMA, On Behalf of Himself and All Others Similarly Situated, and On Behalf of the General Public,<br><br>                    Plaintiff,<br><br>vs.<br><br>AMERICAN EXPRESS COMPANY, a New York Corporation, AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., a New York Corporation and AMERICAN EXPRESS CENTURION BANK, a New York Corporation,<br><br>                    Defendants. | **CLASS ACTION** |

**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVIDING FOR NOTICE AND ENJOINING PROSECUTION OF RELEASED CLAIMS**

WHEREAS, a putative class action is pending in the Court entitled <u>Edward LiPuma, et al. vs. American Express Company, et al.</u>, Case No. 04-20314-CIV-Altonaga/Bandstra (the "LiPuma Action"); and

WHEREAS, the parties having made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of the LiPuma Action, in accordance with the Amended Stipulation and Agreement of Settlement dated as of June 4, 2004 (the "Stipulation" or the "Agreement"), which, together with the Exhibits annexed thereto, and modifications set forth in the April 22, 2004 Modification of Settlement (D.E. 78) sets forth the terms and conditions for a proposed settlement of the LiPuma Action and for dismissal of the LiPuma Action with prejudice upon the terms and conditions set forth therein (the "Amended Settlement"); and

WHEREAS, as a condition of the Amended Settlement, the Representative Plaintiffs on behalf of themselves individually and on behalf of each of the Settlement Class Members have agreed to release all claims arising under federal, state or common law as specified in the Release and the April 22, 2004 Modification of Settlement; and

WHEREAS, the injunction set forth in Paragraph 15 of this Order is a material term of the Amended Settlement and an essential component of the consideration for which Defendants negotiated; and

WHEREAS, the Court having read and considered the motion, Stipulation, the Amended Settlement and the file; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.      For purposes of this Amended Settlement only, the Court has jurisdiction over the subject matter of the LiPuma Action and personal jurisdiction over the parties and each of the Settlement Class Members described below.

2.      Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court preliminarily certifies, solely for purposes of effectuating this Amended Settlement, a "Settlement Class" defined as:

> All former or current American Express cardmembers or accountholders with U.S. billing addresses who incurred a charge denominated in a foreign currency, and paid that charge in U.S. dollars, during the time period between March 28, 1997 and [date of preliminary approval], and who did not negotiate (or on whose behalf there was not negotiated) a foreign currency conversion methodology for their American Express account(s).

Excluded from the Settlement Class are: those persons who opt out of the Settlement Class pursuant to the procedure set forth in Paragraph 10 below. The term "Settlement Class Member" means and refers to any person and/or entity who falls within the definition of the Settlement Class.

3.      The Court designates plaintiff Edward LiPuma and William Barrett as representatives of the Settlement Class ("Representative Plaintiffs"). Pursuant to Federal Rule of Civil Procedure 23(g) and after consideration of the factors described therein, the Court designates the following as Class Counsel ("Class Counsel"): Adam M. Moskowitz, Esq., Thomas A. Tucker Ronzetti, Esq., and their firm, Kozyak Tropin & Throckmorton, P.A.; Bruce E. Gerstein, Esq., Kevin Landau, Esq., and their firm, Garwin, Bronzaft, Gerstein & Fisher, LLP; Allan Steyer and his firm Steyer Lowenthal Boodrookas, Alvarez & Smith, LLP; and, Frank Janececk and his firm Lerach, Coughlin, Stoia & Robbbins, LLP. The Court finds that based on the work counsel has done in identifying, investigating and prosecuting the claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action, counsel's knowledge of the applicable law; and the resources counsel

3

have and will commit to representing the class, Class Counsel have and will fairly and adequately represent the interests of the Settlement Class. The Court authorizes the Representative Plaintiffs and Class Counsel to enter into the Agreement on behalf of the Settlement Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Amended Settlement. The Representative Plaintiffs and Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Agreement to effectuate its terms.

   4. The Court finds that the Settlement Class fully satisfies the relevant requirements of Rule 23. The Court preliminarily finds that: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the LiPuma Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class; (d) the Representative Plaintiffs and Class Counsel fairly and adequately represent and protect the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the instant controversy.

   5. The Court does hereby preliminarily approve the Stipulation and the Amended Settlement as being fair, adequate and reasonable as to the Settlement Class Members, subject to further consideration at the Fairness Hearing (as defined in paragraph 6 below).

   6. A hearing (the "Fairness Hearing") shall be held before this Court at _____ a.m. on ___ day of January, 2005, at the United States District Court, 301 North Miami Avenue, Miami, Florida 33128, to determine: whether the proposed settlement of the LiPuma Action on the terms and conditions provided for in the Amended Settlement is fair, adequate and reasonable as to the Settlement Class Members and should be approved by the Court; whether a Final Approval Order and Judgment as provided for in the Stipulation should be entered; and to

4

determine the amount of fees and expenses that should be awarded to Class Counsel, and of the incentive award to the Representative Plaintiff, as proposed in the Stipulation.

7. The Court approves, as to form and content, the Mailed Notice, Claim Form and the Publication Notice annexed as Exhibits 1, 2 and 3 hereto, as well as the Settlement Website (as defined in paragraph 8(c) below) and toll-free telephone number, established to provide Settlement Class Members with information about the Settlement, the Mailed Notice and Claim Form. Furthermore, the Court finds that the mailing of the Mailed Notice and Claim Form, the distribution of the Publication Notice and the establishment of the Settlement Website and toll-free telephone number substantially in the manner and form set forth in Paragraph 8 below meet the requirements of Federal Rule of Civil Procedure 23, and of due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

8. Notice of the proposed Amended Settlement shall be provided as follows:

(a) Not later than November 12, 2004, American Express and/or the Claims Administrator shall cause the Mailed Notice, along with the Claim Form, to be mailed to the last known address of all Settlement Class Members whose accounts can be identified through reasonably accessible electronic records available to American Express, except those Settlement Class Members with Closed and Inactive Accounts for which American Express no longer maintains addresses in reasonably accessible electronic form, or whose accounts have been written off by American Express and/or have been in collection and/or have been sold for purposes of collection, who shall receive Publication Notice. At its option, American Express may provide the Mailed Notice and Claim Form either as a message printed in the first pages of the Settlement Class Member's periodic statement or as a separate mailing. No skip-trace or re-mailing of returned mail will be required.

(b) American Express and/or the Claims Administrator shall cause the Publication Notice to be published in accordance with the schedule set forth in Exhibit 4 hereto.

5

(c)   American Express and/or the Claims Administrator shall create an Internet website (the "Settlement Website") which will publish the Stipulation, the Mailed Notice and the Claim Form, and provide information as to how Settlement Class Members may submit a Claim Form pursuant to the Amended Settlement. The Settlement Website will be separate and distinct from, and not linked to, American Express's website. Class Counsel will post on its own website(s) the Stipulation, the Mailed Notice, the Claim Form, public records in their discretion and other materials approved by American Express. No other materials relating to the Litigation shall be posted on the website(s) of Class Counsel.

(d)   American Express or the Claims Administrator will also create a toll-free number to receive calls from Settlement Class Members who wish to request a Mailed Notice and/or a Claim Form. The toll-free number will not be an American Express customer service number and, at American Express's option, will not be staffed by live operators. To the extent that scripts or other materials are prepared for use by the Claims Administrator, they shall be subject to the approval of Class Counsel regarding the content of such scripts and materials. The obligations created by this Paragraph, as well as paragraph 8(c) above, shall expire on the last date on which claims may be submitted pursuant to the Settlement.

(e)   At least ten calendar days prior to the Fairness Hearing, American Express and/or the Claims Administrator shall file with the Court proof, by affidavit or declaration, that notice has been completed in accordance with the terms of this Preliminary Approval Order.

9.   All Settlement Class Members who do not request exclusion from the Settlement pursuant to the procedure described in Paragraph 10 below shall be bound by all determinations and judgments in the LiPuma Action concerning the Settlement, including, but not limited to, the validity, binding nature and effectiveness of the releases set forth in the Stipulation.

10.   Any person falling within the definition of the Settlement Class who desires to request exclusion from the Settlement Class shall do so by mailing to the Claims Administrator a request for exclusion that includes a statement requesting to be excluded from the settlement of the LiPuma Action, the requesting party's name, address and account number(s), and that is

personally signed by the person requesting exclusion. No request for exclusion will be valid unless it is made in the manner described in the Mailed Notice. Requests for exclusion from the Settlement Class must be postmarked by December 13, 2004 in order to be valid.

11. Any Settlement Class Member may enter an appearance in the LiPuma Action, at his or her own expense, individually or through counsel of his or her own choice. All Settlement Class Members who do not enter an appearance will be deemed to have been represented by Class Counsel.

12. Any Settlement Class Member may appear and show cause if he or she has any reason why the proposed settlement of the LiPuma Action should or should not be approved as fair, adequate and reasonable, why a judgment should or should not be entered thereon, why attorneys' fees and expenses should or should not be awarded to Class Counsel, or why the incentive award should or should not be allowed; provided, however, that no Settlement Class Member shall be heard, and no objection may be considered, unless, no later than December 13, 2004, the Settlement Class Member files with the Court and serves on Class Counsel and American Express's counsel at the addresses set forth in the Mailed Notice and the Publication Notice a written statement of the objection, as well as the specific reason(s), if any, for the objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention. Any Settlement Class Member who does not make his or her objection within the time and manner set forth in this Paragraph 12 shall be deemed to have waived such objection and shall be foreclosed forever from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, to the award of attorneys' fees and expenses to Class Counsel, and to the incentive award to the Representative Plaintiff.

13. All further motions and papers in support of the Settlement, including responses to any objections, and any application by Class Counsel for attorneys' fees and expenses, shall be filed and served no later than ten (10) calendar days before the Fairness Hearing.

14. All reasonable costs incurred in providing Class Notice, as well as in administering the Amended Settlement, shall be paid by American Express as set forth in the

7

50251888v1

Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Representative Plaintiffs nor Class Counsel shall have any obligation to American Express for the costs of Class Notice.

15.     All proceedings in this LiPuma Action and all Released Claims, as described in the Stipulation and Amended Settlement, currently being asserted by or on behalf of any Settlement Class Member in any forum are ordered stayed until final determination, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. The proceedings stayed by this Order include, but are not limited to: (i) <u>Arumbula, et al. v. American Express Company, et al.</u>, District Court of Cameron County, Texas, Case No. 2003-05-2448-D; (ii) <u>Bildstein, et al. v. American Express Company, et al.</u>, Supreme Court of Queens County, New York, Index No. 15029-03; (iii) <u>Environmental Law Foundation, et al. v. American Express Company, et al.</u>, Superior Court of California, County of Alameda, Case No. BG03089146; (iv) <u>Fuentes v. American Express Travel Related Services Company, Inc and American Express Company</u>, District Court of Hidalgo County, Texas, Case No. C-848-03-B; (v) <u>Janowitz v. American Express Company, et al.</u>, Circuit Court of Cook County, Illinois; Case No. 03CH15385; (vi) <u>Rubin v. American Express Company and American Express Travel Related Services Company, Inc.</u>, Circuit Court of Madison County, Illinois, Case No. 03-L-530; (vii) <u>Wick v. American Express Company, et al.</u>, Circuit Court of Cook County, Illinois, Case No 03CH07811; and (viii) <u>Paul v. American Express Company, et al.</u>, Superior Court of California, County of Orange, Case No. 04cc00015. Pending final determination of whether the Settlement should be approved, neither the Representative Plaintiffs nor any Settlement Class Member, either directly, representatively or in any other capacity, nor any person or entity allegedly acting on behalf of Settlement Class Members, shall commence or prosecute against American Express, or against any of the other Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims as described in the Settlement Agreement, provided, however, that this stay shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with Paragraph 10 of this Preliminary

8

50251888v1

Approval Order. This stay is necessary to protect and effectuate the Amended Settlement, this Preliminary Approval Order, and this Court's flexibility and authority to effectuate this Amended Settlement and to enter Final Judgment when appropriate and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. sections 1651(a) and 2283.

16. The Court reserves the right to adjourn or continue the date of the Fairness Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Amended Settlement. The Court may approve or modify the Amended Settlement without further notice to Settlement Class Members.

IT IS SO ORDERED.

DATED: _____

                                                HON. CECILIA M. ALTONAGA
                                               UNITED STATES DISTRICT JUDGE