## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### Case No. 04-20314-CIV-ALTONAGA/BANDSTRA

**EDWARD LIPUMA,** on behalf of himself
and all others similarly situated and on
behalf of the general public,

      Plaintiff,

vs.

**AMERICAN EXPRESS COMPANY,** a
New York corporation, et al.,

      Defendants.

_____/



## MODIFIED[1] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, PROVIDING FOR NOTICE, ENJOINING PROSECUTION OF RELEASED CLAIMS, ALLOWING INTERVENTION, AND ALLOWING DISCOVERY

**WHEREAS**, a putative class action is pending in the Court entitled Edward LiPuma, et al. vs. American Express Company, et al., Case No. 04-20314-CIV-ALTONAGA (the "Lipuma Action"); and

**WHEREAS**, the parties having made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement of the LiPuma Action, in accordance with the Amended Stipulation[2] and Agreement of Settlement dated as of June 9, 2004 (the "Stipulation" or the "Agreement"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed dismissal of the LiPuma Action with prejudice upon the terms and conditions set forth

_____

[1] This Order modifies the Court's October 15, 2004 Order Preliminarily Approving Class Action Settlement **(D.E. 153)** by replacing Exhibit 1 (Mailed Notice) and Exhibit 2 (Claim Form) with new exhibits.

[2] All defined terms contained herein shall have the same meanings as set forth in the Stipulation.

therein (the "Amended Settlement"); and

**WHEREAS**, as a condition of the Amended Settlement, the Representative Plaintiffs on behalf of themselves individually and on behalf of each of the Settlement Class Members have agreed to release all claims arising under federal, state or common law as specified in the Release and the April 22, 2004 Modification of Settlement; and

**WHEREAS**, the injunction set forth in Paragraph 15 of this Order is a material term of the Amended Settlement and an essential component of the consideration for which Defendants negotiated; and

**WHEREAS**, the Court having read and considered the motion, Stipulation, the Amended Settlement and the file, as well as all arguments and submissions from the parties and Intervenors at the noticed hearings,

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1. For purposes of this Amended Settlement only, the Court has jurisdiction over the subject matter of the LiPuma Action and personal jurisdiction over the parties and each of the Settlement Class Members described below.

2. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court preliminarily certifies, solely for purposes of effectuating this Amended Settlement, a "Settlement Class" defined as:

> All former or current American Express cardmembers or accountholders with U.S. billing addresses who incurred a charge denominated in a foreign currency, and paid the charge in U.S. dollars, during the time period between March 28, 1997 and October 15, 2004, and who did not negotiate (or on whose behalf there was not negotiated) a foreign currency conversion methodology for their American Express account(s).

> Excluded from the Settlement Class are those persons who opt out of the Settlement Class

pursuant to the procedure set forth in Paragraph 10 below.  The term "Settlement Class Member" means and refers to any person and/or entity who falls within the definition of the Settlement Class.

3.  The Court designates plaintiffs Edward LiPuma and William Barrett as representatives of the Settlement Class ("Representative Plaintiffs").  Pursuant to Federal Rule of Civil Procedure 23(g) and after consideration of the factors described therein, and the parties oral and written arguments, the Court designates the following as Class Counsel ("Class Counsel"): Adam M. Moskowitz, Esq., and Thomas A. Tucker Ronzetti, Esq., and their firm, Kozyak Tropin & Throckmorton, P.A.; Bruce E. Gerstein, Esq., and Kevin Landau, Esq., and their firm, Garwin, Bronzaftt, Gerstein & Fisher, LLP; Allan Steyer and his firm, Steyer Lowenthal Broodrookas, Alvarez & Smith, LLP; and, Frank Janececk and his firm, Lerach, Coughlin, Stoia & Robbins, LLP.  The Court finds that based on the work counsel have done in identifying, investigating and prosecuting the claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this action, counsel's knowledge of the applicable law, and the resources all counsel have and will commit to representing the class, Class Counsel have and will fairly and adequately represent the interests of the Settlement Class.  The Court authorizes the Representative Plaintiffs and Class Counsel to enter into the Agreement on behalf of the Settlement Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Amended Settlement.  The Representative Plaintiffs and Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Agreement to effectuate its terms.

4.  The Court finds that the Settlement Class fully satisfies the relevant requirements of Rule 23.  The Court preliminarily finds that: (a) the Settlement Class Members are so numerous that

3

joinder of all Settlement Class Members in the LiPuma Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class; (d) the Representative Plaintiffs and Class Counsel fairly and adequately represent and protect the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the instant controversy.

5. The Court does hereby preliminarily approve the Stipulation and the Amended Settlement as being fair, adequate and reasonable as to the Settlement Class Members, subject to further consideration and scrutiny at the Fairness Hearing (as defined in paragraph 6 below).

6. A hearing (the "Fairness Hearing") shall be held before this Court at **9:00 a.m. on the 14th day of March, 2005**, at the United States District Court, 4th Floor Courtroom, 301 North Miami Avenue, Miami, Florida 33128, to determine: whether the proposed settlement of the LiPuma Action on the terms and conditions provided for in the Amended Settlement is fair, adequate and reasonable as to the Settlement Class Members and should be approved by the Court; whether a Final Approval Order and Judgment as provided for in the Stipulation should be entered; and the amount of fees and expenses that should be awarded to Class Counsel, and of the incentive award to the Representative Plaintiff, as proposed in the Stipulation.

7. The Court approves, as to form and content, the Mailed Notice, Claim Form and the Publication Notice annexed as Exhibits 1, 2 and 3 hereto, as well as the Settlement Website (as defined in paragraph 8(c) below) and toll-free telephone number, established to provide Settlement Class Members with information about the Settlement, the Mailed Notice and Claim Form. Furthermore, the Court finds that the mailing of the Mailed Notice and Claim Form, the distribution

4

of the Publication Notice and the establishment of the Settlement Website and toll-free telephone number substantially in the manner and form set forth in Paragraph 8 below meet the requirements of Federal Rule of Civil Procedure 23, and of due process, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

8.  Notice of the proposed Amended Settlement shall be provided as follows:

(a)  Not later than **January 13, 2005**, American Express and/or the Claims Administrator shall cause the Mailed Notice, along with the Claim Form, to be mailed to the last known address of all Settlement Class Members whose accounts can be identified through reasonably accessible electronic records available to American Express, except those Settlement Class Members with Closed and Inactive Accounts for which American Express no longer maintains addresses in reasonable accessible electronic form, or whose accounts have been written off by American Express and/or have been in collection and/or have been sold for purposes of collection, who shall receive Publication Notice.  At its option, American Express may provide the Mailed Notice and Claim Form either as a message printed in the first pages of the Settlement Class Member's periodic statement or as a separate mailing.  No skip-trace or re-mailing of returned mail will be required.

(b)  American Express and/or the Claims Administrator shall cause the Publication Notice to be published in accordance with the schedule set forth in Exhibit 4 hereto.

(c)  American Express and/or the Claims Administrator shall create an Internet website (the "Settlement Website") which will publish the Stipulation, the Mailed Notice and the Claim Form, and provide information as to how Settlement Class Members may submit a Claim Form pursuant to the Amended Settlement.  The Settlement Website will be separate and distinct from, and not linked to, American Express's website.  Class Counsel will post on their own website(s) the Stipulation, the

5

Mailed Notice, the Claim Form, public records in their discretion and other materials approved by American Express. No other materials relating to the Litigation shall be posed on the website(s) of Class Counsel.

(d)  American Express or the Claims Administrator will also create a toll-free number to receive calls from Settlement Class Members who wish to request a Mailed Notice and/or a Claim Form. The toll-free number will not be an American Express customer service number and, at American Express' option, will not be staffed by live operators. To the extent that scripts or other materials are prepared for use by the Claims Administrator, they shall be subject to the approval of Class Counsel regarding the content of such scripts and materials. The obligations created by this Paragraph, as well as paragraph 8 (c) above, shall expire on the last date on which claims may be submitted pursuant to the Settlement.

(e)  At least ten calendar days prior to the Fairness Hearing, American Express and/or the Claims Administrator shall file with the Court proof, by affidavit or declaration, that notice has been completed in accordance with the terms of this Preliminary Approval Order.

9. All Settlement Class Members who do not request exclusion from the Settlement pursuant to the procedure described in Paragraph 10 below shall be bound by all determinations and judgments in the LiPuma Action concerning the Settlement, including, but not limited to, the validity, binding nature and effectiveness of the releases set forth in the Stipulation.

10.  Any person falling within the definition of the Settlement Class who desires to request exclusion from the Settlement Class shall do so by mailing to the Claims Administrator a request for exclusion that includes a statement requesting to be excluded from the settlement of the LiPuma Action, the requesting party's name, address and account number(s), and that is personally signed by

6

the person requesting exclusion. No request for exclusion will be valid unless it is made in the manner described in the Mailed Notice. Requests for exclusion from the Settlement Class must be postmarked by **February 14, 2005** in order to be valid.

11. Any Settlement Class Member may enter an appearance in the LiPuma Action, at his or her own expense, individually or through counsel of his or her own choice. All Settlement Class Members who do not enter an appearance will be deemed to have been represented by Class Counsel.

12. Any Settlement Class Member may appear and show cause if he or she has any reason why the proposed settlement of the LiPuma Action should or should not be approved as fair, adequate and reasonable, why a judgment should or should not be entered thereon, why attorneys' fees and expenses should or should not be awarded to Class Counsel, or why the incentive award should or should not be allowed; provided, however, that no Settlement Class Member shall be heard, and no objection may be considered, unless, no later than **February 14, 2005**, the Settlement Class Member files with the Court and serves on Class Counsel and American Express' counsel at the addresses set forth in the Mailed Notice and the Publication Notice, a written statement of the objection, as well as the specific reason(s), if any, for the objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention. Any Settlement Class Member who does not make his or her objection within the time and manner set forth in this Paragraph 12 shall be deemed to have waived such objection and shall be foreclosed forever from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, to the award of attorneys' fees and expenses to Class Counsel, and to the incentive award to the Representative Plaintiff.

13. All further motions and papers in support of the Settlement, including responses to any

objections, and any application by Class Counsel for attorneys' fees and expenses, shall be filed and served no later than ten (10) calendar days before the Fairness Hearing.

14. All reasonable costs incurred in providing Class Notice, as well as in administering the Amended Settlement, shall be paid by American Express as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Representative Plaintiffs nor Class Counsel shall have any obligation to American Express for the costs of Class Notice.

15. All proceedings in this LiPuma Action and all Released Claims, as described in the Stipulation and Amended Settlement, currently being asserted by or on behalf of any Settlement Class Member in any forum are ordered stayed until final determination, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. The proceedings stayed by this Order include, but are not limited to: (i) Arumbula, et al. v. American Express Company, et al., District Court of Cameron County, Texas, Case No. 2003-05-2448-D; (ii) Bildstein, et al. v. American Express Company, et al., Supreme Court of Queens County, New York, Index No. 15029-03; (iii) Environmental Law Foundation, et al. v. American Express Company, et al., California, County of Alameda, Case No. BG03089146; (iv) Fuentes v. American Express Travel Related Services Company, Inc. and American Express Company, District Court of Hidalgo County, Texas, Case No. C-848-03-B; (v) Janowitz v. American Express Company, et al., Circuit Court of Cook County, Illinois; Case No. 03CH 15385; (vi) Rubin v. American Express Company and American Express Travel Related Services Company, Inc., Circuit Court of Madison County, Illinois, Case No. 03-L-530; (vii) Wick v. American Express Company, et al., Circuit Court of Cook County, Illinois, Case No. 03CH07811; (viii) Paul v. American Express Company, et al., Superior Court of California,

County of Orange, Case No. 04cc00015; and (ix) Ball v. American Express Company, et al., Superior Court of California, County of San Joaquin, Case No. CV024562. Pending final determination of whether the Settlement should be approved, neither the Representative Plaintiffs nor any Settlement Class Member, either directly, representatively or in any other capacity, nor any person or entity allegedly acting on behalf of Settlement Class Members, shall commence or prosecute against American Express, or against any of the other Released Persons, any action or proceeding in any court or tribunal asserting any of the Released Claims as described in the Settlement Agreement, provided, however, that this stay shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with Paragraph 10 of this Preliminary Approval Order. This stay is necessary to protect and effectuate the Amended Settlement, this Preliminary Approval Order, and this Court's flexibility and authority to effectuate this Amended Settlement and to enter Final Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. §§ 165(a) and 2283.

16. The Court reserves the right to adjourn or continue the date of the Fairness Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of our connected with the Amended Settlement. The Court may approve or modify the Amended Settlement without further notice to Settlement Class Members.

17. The Court's preliminary approval of this class action settlement does not require the Court to make a final approval of the settlement, and this preliminary approval is not to be construed as a commentary or opinion concerning the criteria necessary for a final approval. The parties must meet the requirements of Rule 23 and prove to the Court at the Final Fairness Hearing that this settlement is in the best interests of all Class Members. Objectors and Intervenors will be heard, and

Case No. 04-20314-CIV-ALTONAGA/Bandstra

their positions will be given due consideration in making a final determination.

It is further **ORDERED** as follows:

(1)     The Parties' Joint Motion for Preliminary Approval of Amended Settlement of the Class Action **(D.E. 91)**, filed on June 10, 2004 is **DENIED AS MOOT**, given that the present Motion **(D.E. 110)** supersedes it.

(2)     The Parties' Joint Motion for Preliminary Approval of Amended Settlement of the Class Action **(D.E. 110)** is **GRANTED**.

(3)     Defendant, American Express's Motion to Stay Competing State Court Actions **(D.E. 129)**, filed on September 8, 2004, is **GRANTED**.

(4)     William David Ball and Roy Richison's Motion to Intervene **(D.E. 133)** is **GRANTED**.

(5)     William David Ball and Roy Richison's Motion for Oral Argument on Motion to Intervene **(D.E. 135)** is **DENIED AS MOOT**.

(6)     **This Order does not stay or affect any pending discovery by the parties or intervenors. Additional discovery by the parties and intervenors is permitted as to matters that may bear upon the criteria that will be evaluated and addressed at the Final Fairness Hearing.**

**DONE and ORDERED** in Miami, Florida this ⟪29⟫ day of October, 2004.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

10

Case No. 04-20314-CIV-ALTONAGA/Bandstra

Copies furnished to:

Magistrate Judge Ted E. Bandstra

Counsel of record

Exhibit 1

## Settlement of Class Action Lawsuit

# Notice to American Express Cardmembers of Refund Regarding Charges Made in Foreign Currencies

If you used an American Express card for charges in foreign currencies between March 28, 1997 and ____ October 15, 2004,   , you may be entitled to a refund in connection with the settlement of a class action lawsuit.

Your refund is based on when you opened (or closed) your American Express account.

If you opened your account *after* February 1, 1999, you may receive a payment up to the amount of all conversion "fees" you were charged between February 1, 1999 and October 15, 2004.
If you made purchases in Turkey after February 1, 1999, you may receive an additional amount.

If you opened your account *before* February 1, 1999, you may receive a payment of up to $15.00 plus all conversion "fees" you were charged between February 1, 1999 and October 15, 2004.
If you closed your account before February 1, 1999, you may receive up to $15.00.

### You Must File a Claim to Get Your Refund. If you did not pay money you owed to American Express, you do not qualify for this refund.

### How to File a Claim
Completely fill out, sign, and return the enclosed claim form.

If you need a claim form, call:
1-877-567-4294
Or go to: www.lipumasettlement.com

You can only file one claim per account and your claim *must* be postmarked by _____, 2004.

### Legal Background
On October 15, 2004, the U.S. District Court for the Southern District of Florida gave preliminary approval to the Settlement in *LiPuma v. American Express, et al.* a class action lawsuit on behalf of all former or current American Express cardmembers or accountholders with U.S. billing addresses who incurred a charge denominated in a foreign currency, and paid that charge in U.S. dollars, during the time period between March 28, 1997 and [date of preliminary approval], and who did not negotiate (or on whose behalf there was not negotiated) a foreign currency conversion methodology for their American Express account(s).

The class representatives alleged that American Express did not adequately disclose its foreign currency conversion practices, including but not limited to a 1% – 2% "fee" on charges made in foreign currencies. Similar lawsuits have been filed in California, New York, Illinois and Texas. For more details of these cases, see the Settlement Agreement and Addendum No. 1 to the Settlement Agreement.

American Express denies any wrongdoing and contends that its foreign currency conversion practices are fully disclosed and allowed by its cardmember agreements.

### Settlement Terms
American Express has agreed to:

1. Disclose their foreign currency conversion methods in cardholders' agreements and periodic statements, including listing, highlighting, and explaining all foreign currency conversion fees on cardholders' periodic statements.

2. Pay a maximum amount of $75 million plus interest and a minimum amount of

243323

**EXHIBIT "1"**

$30 million. This money will go to: pay the refunds described above, make donations to charity on behalf of cardholders who do not receive a refund, and reimburse plaintiffs' attorney's fees and litigation expenses.

- If cardholders claim less than $29.5 million, American Express has agreed to pay additional money to one or more court-approved charities in an amount that will bring the total payment to $30 million.
- If cardholder claims are more than $30 million but less than $75 million, American Express has agreed to pay up to an additional $2.5 million to one or more court-approved California based charities.

3. In addition to the $75 million maximum payment, American Express also will pay for class notice and settlement administrative costs. In addition to the $30 million minimum payment, American Express also will pay for plaintiffs' attorney fees, class notice and settlement administration costs.

4. If the amount of valid claims submitted and court awarded attorneys' fees totals more than the $75 million maximum payment, the refund payments will be decreased on a *pro rata* basis.

5. The Court will determine the appropriate amount of attorneys' fees and costs to be awarded. Class Counsel intends to apply for an award of attorneys' fees and costs in an amount that will *not* exceed $11 million plus interest, and incentive awards to the class representatives of up to $10,000 for serving as class representatives. American Express will not oppose Class Counsel's application. The Settlement is not conditioned upon approval of any of these amounts.

## Your Rights
### *Right to be Excluded from the Settlement*
You do not have to be included in the settlement. If you want to exclude yourself from the settlement, write a letter that says: "I/we request to be excluded from the settlement in *LiPuma vs. American Express,*

243323

U.S. District Court for the Southern District of Florida, Case No. 04-20314-CIV-Altonaga"

You must include your full name, address and account number(s). You and any other joint accountholders (unless you have a Corporate Card) must sign the letter. Then mail it to:

*LiPuma Settlement Administrator*
*P.O. Box 1707*
*Fairbault, MN 55021-1707*

Your letter must be postmarked by

February 14, 2005.

If you exclude yourself from this settlement, you will not be bound by the settlement and you will still be able to bring your own lawsuit or arbitration against American Express.

If you do not exclude yourself (or do not submit a claim on time) you are still bound by this settlement.

**If you want a refund do not request exclusion from the settlement.**

### *Right to Object*
The Court has scheduled a Final Settlement hearing on       3/14/05          , at 9:00AM  at the United States District Court for the Southern District of Florida, 301 N. Miami Ave., Miami, FL 33128, to consider whether to give final approval to the Settlement.

You can oppose the settlement at the hearing. But, first you must explain your objection in writing and file it with the court by    February 14, 2005.

You must also mail your objection to:

*Class Counsel: Bruce E. Gerstein*
*Garwin, Bronzaft et al.*
*1501 Broadway, Suite 1416*
*New York, NY 10036*

*Class Counsel: Frank J. Janecek, Jr.*
*Lerach Coughlin et. al*
*401 B Street, Suite 1700*
*San Diego, California 92101*

*Counsel to American Express:*
*Julia B. Strickland*

Exhibit 2

# Claim Form

*Edward LiPuma vs. American Express, et al.*
United States District Court for Southern District of Florida
Case No. 04-20314-CIV-Altonaga/Bandstra

**If you used an American Express card outside the U.S. on or after March 28, 1997 you may be entitled to a refund.**

Just fill out this form, sign it and mail it by xx/xx/xx to:

LiPuma Settlement Administrator
P.O. Box _____, Faribault, MN 55021-1651

1   Your name: _____
   First    Middle    Last

2   Name on your American Express card *(if different than above)*:
   _____
   First    Middle    Last

3   Your current address:
   _____ Stre
   et   City   State   Zip Code

4   Address on your American Express card account *(if different than above)*:
   _____ Stre
   et   City   State   Zip Code

5   Your American Express card account number *(if you know it)*:
   _____

6   Your Home Phone Number: (   ) _____

7   Your Work Phone Number: (   ) _____

**Check all boxes that apply:**

☐   I believe I used my American Express card outside of the U.S. between March 28, 1997 and February 1, 1999.

☐   I believe I used my American Express card outside of the U.S. after February 1, 1999.

☐   I believe I used my American Express card in Turkey between February 1, 1999 and the present. To the best of my recollection, I spent about $ _____ U.S. dollars with my American Express Card in Turkey during this time period.

I swear under penalty of perjury that the information I have provided on this form is true and correct.

Sign here X _____   Today's date:_____

Signed at: _____
   *(City, State, Country)*

— *It may take up to XX weeks to process this claim.* —
*If you have any questions, call: 111-222-3333*

3224/101/240274.2

**EXHIBIT "2"**

# Exhibit 3

## SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING

### Edward LiPuma vs. American Express Company, et al.
United States District Court for the Southern District of Florida, Case No. 04-20314-CIV-Altonaga

**TO: All Former Or Current American Express Cardmembers Or Accountholders With U.S. Billing Addresses
Who Incurred A Charge Denominated In A Foreign Currency, And Paid That Charge In U.S. Dollars, During
The Time Period Between March 28, 1997 And [the date of preliminary approval], And Who Did Not
Negotiate (Or On Whose Behalf There Was Not Negotiated) A Foreign Currency Conversion Methodology
For Their American Express Account(s) (The "Settlement Class").**

### THIS NOTICE MAY AFFECT YOUR RIGHTS — PLEASE READ IT CAREFULLY

**Settlement Payments:** As part of a proposed class action settlement, you may be entitled to a settlement payment. The amount of the payment depends on when you opened and/or closed your American Express credit or charge card account, and the amount of foreign currency charges you made using your American Express card(s) during the above time period. In order to receive a settlement payment, you must submit a Claim Form to the Settlement Administrator, **postmarked on or before _____, 2004**. Details of lawsuit and other benefits being provided by American Express as part of the settlement are described in the Full Settlement Notice. Information about how to obtain the Full Settlement Notice and/or a Claim Form is provided below.

**Proposed Release**: If the Settlement receives final approval from the Court and you do not opt out, you will release all claims related in any way to American Express's foreign currency conversion practices and the disclosures relating thereto. The complete release is set forth in the Full Settlement Notice.

**Right to Opt Out**: If you do not wish to participate in the Settlement, you may "opt out" by following the instructions set forth in the Full Settlement Notice. Opt out requests must be sent to the Settlement Administrator, **postmarked by no later than _____, 2004**. If you opt out, (i) you will <u>not</u> be eligible to receive any settlement payment; (ii) you will <u>not</u> be bound by any further orders or judgment entered for or against the Settlement Class; and (iii) you will preserve your ability to independently pursue any claims you may have against American Express by filing your own lawsuit or arbitration at your own expense. DO NOT WRITE REQUESTING EXCLUSION IF YOU WISH TO BE ELIGIBLE TO RECEIVE A SETTLEMENT PAYMENT.

**Right to Object**: The Court has scheduled a hearing on _____ , at _____ at the United States District Court for the Southern District of Florida, 301 N. Miami Ave., Miami, FL 33128, to consider whether to grant final approval of the Settlement (the "Settlement Hearing"). The Settlement Hearing may be rescheduled by the Court without further notice. Any Settlement Class Member may appear at the Settlement Hearing to argue that the proposed Settlement should not be approved and/or to oppose the applications for attorneys' fees and expenses and incentive awards. However, in order to be heard at the hearing, you must make any objection in writing, file it with the Court and serve it on the parties to the lawsuit **no later than _____, 2004**. Instructions for objecting to the settlement are contained in the Full Settlement Notice. You need not attend the Settlement Hearing if you do not wish to object. Any person who fails to object in the manner and by the date described above shall be deemed to have waived any objections, and shall be barred forever from raising such objections in this or any other action or proceeding.

**How To Obtain Additional Information:** This is only an abbreviated summary of the proposed settlement and release. In order to receive a copy of the complete settlement notice and a Claim Form free of charge, call 1-877-567-4294, toll free, or log on to www.lipumasettlement.com, where you also can obtain other information including the complete Settlement Agreement. You also can obtain further information by contacting (1) Bruce E. Gerstein, Esq., Garwin, Bronzaft et al., 1501 Broadway, Suite 1416, New York, NY 10036; (2) Adam M. Moskowitz, Esq., Kozyak Tropin & Throckmorton, P.A., 2800 Wachovia Financial Center, 200 South Biscayne Blvd., Miami, Florida 33131-2305; (3) Allan Steyer, Esq., Steyer Lowenthal et al., One California Street, Suite 300, San Francisco, California 94111, or (4) Frank J. Janecek, Jr., Esq., Lerach Coughlin et al., 401 B Street, Suite 1700, San Diego, California 92101.

### PLEASE DO NOT CONTACT THE COURT OR AMERICAN EXPRESS.

# Exhibit 4

Edward Lipuma v. American Express Company
Case No: 03-19365 CA 09

## SCHEDULE OF PUBLICATIONS

| Publication | Circulation | Ad Size | Ad Cost | Cumulative Costs |
|---|---|---|---|---|
| *USA Today* | 2,154,539 | 1/3-page | $41,952.00 | $41,952.00 |
| *Wall Street Journal* | 1,820,600 | 1/3-page | $59,112.00 | $101,064.00 |
| *New York Times* New York, NY | 1,152,751 | 1/3-page | $42,483.00 | $143,547.00 |
| *Los Angeles Times* Los Angeles, CA | 945,053 | 1/3-page | $33,600.00 | $177,147.00 |
| *Chicago Tribune* Chicago, IL | 1,016,471 | 1/3-page | $25,620.00 | $202,767.00 |
| *Philadelphia Inquirer* Philadelphia, PA | 768,237 | 1/3-page | $25,368.00 | $228,135.00 |
| *Washington Post* Washington, DC | 796,367 | 1/3-page | $29,694.00 | $257,829.00 |
| *San Francisco Chronicle* San Francisco, CA | 519,584 | 1/3-page | $24,024.00 | $281,853.00 |
| *Miami Herald* Miami-Ft. Lauderdale, FL | 328,124 | 1/3-page | $17,577.00 | $299,430.00 |
| | **9,501,726** | | **$299,430.00** | |

3224/101/236073.1

LAW OFFICES KOZYAK TROPIN & THROCKMORTON, P.A.

2800 WACHOVIA FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 · TEL. (305) 372-1800

3224/101/236073.1