UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 04-20314-CIV-ALTONAGA/Bandstra

| | |
|---|---|
| EDWARD LIPUMA, on behalf of himself and all others similarly situated and on behalf of the general public, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN EXPRESS COMPANY, a New York Corporation, et al., <br><br> Defendants. | CLASS ACTION |

### DECLARATION OF W. DAVID BALL

I, W. David Ball, declare:

1. My name is W. David Ball. I am one of the Intervenors in this case.

2. I am familiar with the terms of the Settlement and I believe that the settlement that American Express and the Class Plaintiffs are asking this Court to approve is not fair, adequate oreasonable to the class members.

3. I am asserting claims against American Express for the ways it obtained revenue when converting foreign charges, other than charging the 2% fee, including:
(a) American Express' practice of using the worst reported interbank rate to convert my charges rather than the rate American Express actually obtained, and (b) American Express' practice of adding a "competitive rate adjustment" to its currency conversion rates.

413914.1

- 1 -

4.      The main reason I believe the settlement is not fair, adequate and reasonable is because the settlement releases American Express from all claims related in any way to its foreign currency conversion practices, but it appears that Class Counsel only pursued claims involving the manner in which American Express disclosed the 2% fee it charged for foreign charges, and did not pursue the claims, listed in paragraph 3, which I am asserting.

5.      I have read the notice of the settlement I received from American Express. Nothing in the notice indicates that American Express actually derived revenue from cardmembers above and beyond the 2% fee, and nothing in the notice indicates that Class Plaintiffs are challenging any practice of American Express other than the way it disclosed its 2% fee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed at PALO ALTO, CA, this 9th day of March, 2005.

_____
W. DAVID BALL

413914.1